1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

| | |
|---|---|
| MASONRY SECURITY PLAN OF WASHINGTON; BAC LOCAL NO. 1 PENSION TRUST; BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND; and INDEPENDENT CONTRACTORS AND BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL NO. 1 APPRENTICE TRAINING TRUST, | Case No. 2:21-cv-01482 |
| | COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES |
| Plaintiffs, | |
| v. | |
| QUALITY FLOORS LLC, a Washington limited liability company, | |
| Defendant. | |

## I. PARTIES

1.1     Plaintiff Masonry Security Plan of Washington ("Masonry Health Trust") is a Taft-Hartley trust fund established to provide one or more employee welfare benefit plans for the participating employees on whose behalf contributions have been paid.  The Masonry Health Trust maintains its principal office in Seattle, King County, Washington.

1.2     Plaintiff BAC Local No. 1 Pension Trust ("Masonry Pension Trust") is a Taft-Hartley trust fund established to provide one or more employee pension benefit plans for the

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

participating employees on whose behalf contributions have been paid, and their beneficiaries. The Masonry Pension Trust maintains its principal office in Seattle, King County, Washington.

1.3 Plaintiff Bricklayers and Trowel Trades International Pension Fund ("BAC International Pension Trust") is a Taft-Hartley trust fund established to provide pension benefits for the participating employees on whose behalf contributions have been paid, and their beneficiaries. The BAC International Pension Trust maintains its principal office in Washington, District of Columbia.

1.4 Plaintiff Independent Contractors and Bricklayers and Allied Craftworkers Local No. 1 Apprentice Training Trust ("BAC Apprentice Trust") is a Taft-Hartley trust fund established to create and administer one or more apprenticeship and training plans. The BAC Apprentice Trust maintains its principal office in Seattle, King County, Washington.

1.5 The Plaintiffs are commonly known as and referred to collectively as the Masonry Trust Funds.

1.6 Defendant Quality Floors, LLC ("Quality Floors") is a Washington limited liability company with its principal place of business in Auburn, King County, Washington. At all times relevant, Quality Floors conducted business within this District.

## II.  JURISDICTION AND VENUE

2.1 This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1).

2.2 Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2), and pursuant to agreement between the parties.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 2
2:21-cv-01482

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

### III. <u>FACTS</u>

3.1     On December 19, 2019, Vadim Kazakov, identifying himself as "Manager" executed a Letter of Assent on behalf of Quality Floors binding the company to the *Central Puget Sound Regional Transit Authority Project Labor Agreement for the Construction of Sounder Commuter and Link Light Rail Projects*, effective December 1, 1999, and as amended through June 18, 2014 (the "Master Labor Agreement"):

> Upon acceptance by the parties to this PLA, this PLA will become the policy of Sound Transit. The construction work covered by this PLA shall be contracted exclusively to Contractors who agree to execute and be bound by the terms of this PLA.  Therefore, the Unions agree that any Contractor may execute this PLA for purposes of covering such work. Sound Transit, and/or its Labor Coordinator, hereinafter Coordinator, shall monitor the compliance of this PLA by all Contractors who, through their execution of this PLA, or a Letter of Assent binding them to this PLA, together with their subcontractors, shall have become bound hereto.

> The UNDERSIGNED EMPLOYER hereby agrees with the INTERNATIONAL UNION OF BRICKLAYERS & ALLIED CRAFTWORKERS UNION, LOCAL NO. 2 WA-ID-MT of the Pacific NW ADC that with respect to all of its employees, it will abide by all of the terms and conditions of the following principal agreement (and amendments thereto) and the terms and conditions of all successive principal agreements (and amendments thereto) as may be executed by the signatory parties.

> ☒ Agreement between International Union of Bricklayers & Allied Craftworkers Local No. 2 WA-ID-MT of the Pacific NW ADC and INDEPENDENT TILE AND TERRAZZO CONTRACTORS (King, Clallam, Kitsap, Snohomish, Jefferson, Island, Skagit, Whatcom, San Juan, Pierce, Thurston, Lewis, Mason, Grays Harbor Counties and north half of Pacific County).

3.2     By signing the Letter of Assent, Quality Floors agreed to make fringe benefit contributions to the Masonry Trust Funds and be bound by the terms and conditions of their respective trust agreements:

> 10.2 All Contractors shall make contributions in the amounts designated in the appropriate prevailing wage determination for fringe benefit contributions to each of the applicable Schedule A Funds and will make all

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 3
2:21-cv-01482

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

employee-authorized deductions in the amounts designated. Such contributions shall be made in compliance with the applicable prevailing wage determination and shall be due and payable on the due date contained in the applicable Schedule A. Payment of cash in lieu of contributions shall not be permitted.

(a) All Contractors adopt and agree to be bound by the written terms of the legally established trust agreements specifying the detailed basis on which payments are to be made into, and benefits paid out of, such Schedule A Funds. Such Contractors authorize the parties to such Funds to appoint Trustees and successor Trustees to administer the Funds and hereby ratify and accept the Trustees so appointed as if made by the Contractors. Copies of the trust agreements are available upon request.

3.3     The Masonry Trust Funds are beneficiaries under the terms of the Letter of Assent and the Master Labor Agreement.

3.4     By executing the Letter of Assent, as discussed above, Quality Floors agreed to the terms of the (i) Masonry Security Plan of Washington; (ii) BAC Local No. 1 Pension Trust; (iii) Bricklayers and Trowel Trades International Pension Fund; and (iv) Independent Contractors and Bricklayers and Allied Craftworkers Local No. 1 Apprentice Training Trust.

3.5     Quality Floors' obligations under the Masonry Health Trust are set forth in Article IX, Sections 1 – 9 of the *Trust Agreement Governing the Masonry Security Plan of Washington*, revised and restated effective March 15, 2012, and as amended.  Under the Masonry Health Trust, Quality Floors agreed to, among other things:

- Submit its reports on or before the date specified in the underlying collective bargaining agreement (the 15th day of the calendar month following the month in which the contributions are payable);

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, including audits, as requested by the trust funds;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions, fifteen percent (15%) if suit is filed;

- Payment of interest of twelve percent (12%); and

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 4
2:21-cv-01482

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.6     Quality Floors' obligations under the Masonry Pension Trust are set forth in Article IX, Sections 1 – 9, and Amendment No. 6 of the *Trust Agreement Governing a Joint Labor-Management Employee Pension Benefit Trust Fund*, dated December 30, 1976, and as amended. Under the Masonry Pension Trust, Quality Floors agreed to, among other things:

- Submit its reports on or before the date specified in the underlying collective bargaining agreement (the 15th day of the calendar month following the month in which the contributions are payable);

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, including audits, as requested by the trust funds;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions, fifteen percent (15%) if suit is filed;

- Payment of interest of twelve percent (12%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.7     Quality Floors' obligations under the BAC International Pension Trust are set forth in Article IV, Sections 4.1 – 4.6 of the *Restated Agreement and Declaration of Trust of the Bricklayers and Trowel Trades International Pension Fund*, effective December 31, 1988, and as amended.  Under the BAC International Pension Trust, Quality Floors agreed to, among other things:

- Submit its reports on or before the date specified in the underlying collective bargaining agreement (the 15th day of the calendar month following the month in which the contributions are payable);

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, including audits, as requested by the trust funds;

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- Payment of liquidated damages of twenty percent (20%) or an additional interest charge of fifteen percent (15%) on all delinquent contributions, whichever is higher;

- Payment of interest of fifteen percent (15%) on all delinquent contributions; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.8     Quality Floors' obligations under the BAC Apprentice Trust are set forth in Article IX, Sections 1 – 9 of the *Trust Agreement Governing the Independent Contractors and Bricklayers and Allied Craftworkers Local No. 1 Apprentice Training Trust*, dated May 1, 1997, and as amended.  Under the BAC Apprentice Trust, Quality Floors agreed to, among other things:

- Submit its reports on or before the date specified in the underlying collective bargaining agreement (the 15th day of the calendar month following the month in which the contributions are payable);

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, including audits, as requested by the trust funds;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions, fifteen percent (15%) if suit is filed;

- Payment of interest of twelve percent (12%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.9     Upon information and belief, following execution of the Letter of Assent, Quality Floors used employees to perform work subject to the Master Labor Agreement, including work on the COMF Office Tenant Improvement (RTA/CN 0050-19) Project for Sound Transit in Tukwila, King County, Washington.  Quality Floors also began its monthly reporting and payment of fringe benefit contributions to the Masonry Trust Funds.

3.10     In 2020, Quality Floors was selected for a routine audit of its payroll and related business records to review whether the company complied with its reporting and payment of fringe

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 6
2:21-cv-01482

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

benefit contributions to the Masonry Trust Funds.  The audit covered the period January 1, 2020 through the present.

3.11    The Masonry Trust Funds' notified Quality Floors on August 18, 2020 that the company had been selected for an audit.  No response to the letter was received.

3.12    Throughout the remainder of August 2020 and into September 2020, the Masonry Trust Fund's audit attempted to reach Mr. Kazakov to schedule the audit.  Despite multiple messages left with Quality Floors, Mr. Kazakov did not respond.

3.13    When Quality Floors did not respond to the auditor's final letter, this matter was referred to counsel.

3.14    On July 13, 2021, written demand was made upon Quality Floors by counsel to comply with the audit and request for documentation.  Quality Floors did not respond.

3.15    On August 9, 2021, a second and final written demand was made upon Quality Floors for compliance with the audit.  As with counsel's first demand, Quality Floors did not respond.

3.16    Quality Floors provided remittance reports on the Project for February and March 2020, and several sporadic zero-hour reports thereafter.  However, Western Ventures – the Project's general contractor – reported that Quality Floors worked until February 24, 2021.

3.17    As of the date of this complaint, Quality Floors has failed and/or refused to comply with the audit.

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1    The Masonry Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.17, above.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 7
2:21-cv-01482

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

4.2     Quality Floors' failure to comply with the audit constitutes a breach of the terms of the labor and trust agreements between the Union, Sound Transit, and the Masonry Trust Funds.

4.3     As a result of Quality Floors' breach, the Masonry Trust Funds have been damaged in an unknown amount to be proven at trial.

**Second Cause of Action**
**(Violation of ERISA)**

4.4     The Masonry Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.17, above.

4.5     Quality Floors' failure to comply with the audit constitutes a violation of §515 ERISA, codified at 29 U.S.C. §1145, and also gives rise to claims for equitable relief under §502(a)(3) ERISA, codified at 29 U.S.C. §1132(a)(3).

4.6     As a result of Quality Floors' violation, the Masonry Trust Funds have been damaged in an unknown amount to be proven at trial.

**V.   REQUESTED RELIEF**

The Plaintiff Masonry Trust Funds respectfully request the Court grant the following relief against Quality Floors:

A.      Entry of an order compelling Quality Floors to comply with the Masonry Trust Funds' audit, including but not limited to the production of payroll and related documents previously requested by the auditor;

B.      If the auditor concludes Quality Floors has underreported/underpaid fringe benefit contributions, then entry of judgment in favor of the Masonry Trust Funds, for the past-due and delinquent fringe benefit and other contributions owed by defendant as set forth in the audit report, and pursuant to the terms of the labor and trust agreements to which Quality Floors is a party;

C.      If the auditor concludes Quality Floors has underreported/underpaid fringe benefit contributions, then entry of judgment in favor of the Masonry Trust Funds, for any liquidated damages owed by defendant as set forth in the audit report, and pursuant to the terms of the labor and trust agreements to which Quality Floors is a party;

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

D.  If the auditor concludes Quality Floors has underreported/underpaid fringe benefit contributions, then entry of judgment in favor of the Masonry Trust Funds, for the accrued prejudgment interest owed by defendant as set forth in the audit report, and pursuant to the terms of the labor and trust agreements to which Quality Floors is a party;

E.  If the auditor concludes Quality Floors has underreported/underpaid fringe benefit contributions, then entry of judgment in favor of the Masonry Trust Funds, for additional accrued prejudgment interest, from the date of the audit report to the date of judgment;

F.  An award of reasonable attorney fees not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which Quality Floors is a party, and as authorized under ERISA; and

G.  Any other such relief under federal law or as is just and equitable.

Dated: November 2, 2021.

s/  Jeffrey G. Maxwell
Jeffrey G. Maxwell, WSBA #33503
**Barlow Coughran Morales & Josephson, P.S.**
1325 Fourth Avenue, Suite 910
Seattle, Washington  98101
(206) 224-9900 (t)
jeffreym@bcmjlaw.com

Counsel for Plaintiffs
Masonry Trust Funds

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 9
2:21-cv-01482

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900